1  **MARK BRNOVICH**
2  **ATTORNEY GENERAL**
   (Firm State Bar No. 14000)
3
4  Joseph A. Kanefield (No. 15838)
   Brunn (Beau) W. Roysden III (No. 28698)
5  Drew C. Ensign (No. 25463)
   James K. Rogers (No. 27287)
6  2005 N. Central Ave
   Phoenix, AZ 85004-1592
7  Phone: (602) 542-8540
   Joseph.Kanefield@azag.gov
8  Beau.Roysden@azag.gov
   Drew.Ensign@azag.gov
9  James.Rogers@azag.gov
10
   *Attorneys for Plaintiffs Mark Brnovich*
11 *and the State of Arizona*

12              **UNITED STATES DISTRICT COURT**
13                    **DISTRICT OF ARIZONA**

14 | Mark Brnovich, in his official capacity as | No. 2:21-cv-01568-MTL |
15 | Attorney General of Arizona; *et al.*, | |
16 | Plaintiffs, | Related Case: 2:22-cv-00213-SPL |
   | v. | |
17 | Joseph R. Biden in his official capacity as | **STATE OF ARIZONA'S MOTION** |
18 | President of the United States; *et al.*, | **TO TRANSFER RELATED CASE** |
   | Defendants. | |

**MOTION TO TRANSFER**

The State of Arizona and Mark Brnovich, Arizona Attorney General (the "State") respectfully request the Court consider transferring *Arizona v. Walsh*, No. 2:22-cv-213-SPL (complaint attached) to the Honorable Judge Michael T. Liburdi under Local Rule 42.1 because it is related to this action (*Brnovich v. Biden*, 2:21-cv-01568-MTL) and involves construction of the Executive Branch's authority under the Procurement Act, 40 U.S.C. § 101. The State is happy to defer to this Court's judgment as to how to allocate these cases efficiently, but uses this motion to bring relevant facts to this Court's attention.

On April 27, 2021, the President issued Executive Order 14026 titled "Increasing the Minimum Wage for Federal Contractors," 86 Fed. Reg. 22,835 (Apr. 27, 2021). The order and its implementing rule seek to impose a sweeping nationwide minimum wage and overtime requirements on vast swaths of the U.S. economy (collectively, "Contractor Minimum Wage Mandate"). The federal government claims the authority to enter the Contractor Minimum Wage Mandate under 40 U.S.C. § 101.

Similarly, on September 14, 2021, President Biden signed EO14042, "Ensuring Adequate COVID Safety Protocols for Federal Contractors," 86 Fed. Reg. 50,985 (Sept. 14, 2021). That order, in combination with subsequent guidance, sought to impose a sweeping vaccine mandate on vast swaths of the U.S. economy (the "Contractor Vaccine Mandate"). As with the Contractor Minimum Wage Mandate, the President claimed the authority to promulgate EO 14042 also under 40 U.S.C. § 101.

*Arizona v. Walsh* and *Brnovich v. Biden* appear to be related under this Court's Local Rules and this Court may therefore wish to transfer *Arizona v. Walsh* under Local Rule 42.1. That Rule provides: "When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases" "involve substantially the same parties or property" or "call for determination of substantially the same questions of law" or "for any other reason would entail substantial duplication of labor."

1

Here, both cases involve many of the same parties and involve fundamentally the same questions of law, and it would advance judicial economy if they were related. Although the parties are not exactly the same, both cases involve the State of Arizona suing the Federal government. More importantly, both cases call for determination of precisely the same issues of law; namely, the scope of the President's authority under 40 U.S.C. § 101 and his ability to impose non-efficiency-minded policy preferences under the pretext of providing the government with an economical and efficient system for procuring property and services. *See Brnovich v. Biden*, --- F. Supp. 3d. ----, 2022 WL 252396, at *17 (D. Ariz. Jan. 27, 2022) (evaluating whether the Procurement Act "plainly authorizes" the Contractor Vaccine Mandate and concluding that it does not).

Plaintiffs therefore respectfully provide notice to this Court to the overlap between these cases so that it can evaluate whether transfer is appropriate under its Rules. Plaintiffs also note that the Federal Government recently sought transfer of *Ducey v. Yellen,* No. 2:22-cv-00112-SPL because this Court had already considered a similar statutory provision in *Arizona v. Yellen*, 2:21-cv-00514-DJH, even where that earlier case had been closed for six months and even though there was no overlap in plaintiffs between the two suits. If transfer is warranted in that case, it is likely appropriate here *a fortiori*.

RESPECTFULLY SUBMITTED this 9th day of February, 2022.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By: */s/ Drew C. Ensign*
   Joseph A. Kanefield (No. 15838)
   Brunn W. Roysden III (No. 28698)
   Drew C. Ensign (No. 25463)
   James K. Rogers (No. 27287)

*Attorneys for Plaintiffs Mark Brnovich and the State of Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system. Counsel for all Defendants who have appeared are registered CM/ECF users and will be served by the CM/ECF system pursuant to the notice of electronic filing.

/s/ *Drew C. Ensign*
*Attorney for Plaintiffs Mark Brnovich, in his official capacity as Attorney General of Arizona; and the State of Arizona*