MARK BRNOVICH
ATTORNEY GENERAL
(Firm State Bar No. 14000)

Joseph A. Kanefield (No. 15838)
Brunn (Beau) W. Roysden III (No. 28698)
Drew C. Ensign (No. 25463)
James K. Rogers (No. 27287)
Robert J. Makar (No. 33579)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8540
Joseph.Kanefield@azag.gov
Beau.Roysden@azag.gov
Drew.Ensign@azag.gov
James.Rogers@azag.gov
Robert.Makar@azag.gov
*Attorneys for Plaintiffs Mark Brnovich and the State of Arizona*
*(additional counsel listed below)*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona; State of Idaho; State of Indiana; State of Nebraska; State of South Carolina; Mark Brnovich, in his official capacity as Attorney General of Arizona; Plaintiffs, <br> v. <br> Martin J. Walsh in his official capacity as U.S. Secretary of Labor; U.S. Department of Labor; U.S. Department of Labor, Wage & Hour Division; Joseph R. Biden in his official capacity as President of the United States; Jessica Looman in her official capacity as Acting Administrator of the U.S. Department of Labor, Wage & Hour Division, <br> Defendants. | No. 2:22-cv-00213-JJT <br><br> **PLAINTIFF STATES' RULE 56(D) MOTION TO DENY SUMMARY JUDGMENT (DOC. 40) OR FOR JURISDICTIONAL DISCOVERY** |

## RULE 56(D) MOTION AND REQUEST FOR DISCOVERY

Defendants' Motion for Summary Judgment is premature and should be denied for the reasons explained in the States' concurrently filed response brief. Alternatively, if this Court is not inclined to deny Defendants' summary judgment motion outright, it should first order jurisdictional discovery and discovery into the issue of pretext. "If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d). That is just so here.

Summary judgment must be denied unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986). "[S]ummary judgment is singularly inappropriate where credibility is at issue." *S.E.C. v. M & A W., Inc.*, 538 F.3d 1043, 1055 (9th Cir. 2008). Applying all inferences in the States' favor, and for the same reasons as stated in the States' PI Motion and Reply, summary judgment is not warranted here and the federal government's motion should be denied.

Because Defendants have moved for summary judgment on the basis of standing (*i.e.*, jurisdiction), and because information related to standing is uniquely in the custody and control of the Federal government, the States respectfully move for denial of the Defendants' summary judgment motion, or alternatively, for targeted jurisdictional discovery for the purpose of establishing standing and jurisdiction. This Motion is supported by the attached Declaration of James K. Rogers, attached hereto as Exhibit A.

As the Ninth Circuit has explained, jurisdictional discovery should be granted where "discovery on th[e] issue *might well* demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135

(9th Cir. 2003) (emphasis added). Indeed, that court held that a district court had abused its discretion in denying jurisdictional discovery where a mere possibility ("might well demonstrate") of discovering useful evidence existed. *Id*. More than such a mere possibility is manifestly present here.

This Court ordered discovery in *Arizona v. DHS*, No. CV-21-00186 similar to what the States seek here, which turned up evidence that this Court found sufficient to support the State's standing to assert APA-based claims. Far from being speculative, Arizona expects that jurisdictional discovery will similarly produce sufficient evidence of standing here. At a bare minimum, the Ninth Circuit's "might well demonstrate" standard is met here, and the States' request should accordingly be granted.

In addition, the Rule rests on an impermissible pretextual basis, as explained in the States' briefing. At a minimum, the States have established a *prima facie* case of pretextual reasoning and should be permitted to develop their arguments by discovery in the event that the Court is not prepared to hold outright that the Rule's rationale is pretextual.

**LEGAL STANDARD**

A Rule 56(d) motion for discovery, including discovery related to standing should be granted "if the movant can show how allowing additional discovery would have precluded summary judgment." *Bio-Med. Rsch. Ltd. v. Thane Int'l, Inc.*, 249 F. App'x 539, 541 (9th Cir. 2007) (quoting *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir.1994)).

Courts have concluded that jurisdictional discovery is appropriate in this context. As the Ninth Circuit has explained, jurisdictional discovery should be granted where "discovery on th[e] issue *might well* demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky*, 328 F.3d at 1135 (emphasis added). "Discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (cleaned

up). The Ninth Circuit has reversed a court's refusal to countenance jurisdictional discovery where such discovery would be merely "useful" for purposes of establishing federal subject matter jurisdiction. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (denial of discovery not an abuse of discretion only when "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction").

### ARGUMENT

On May 11, 2022, Defendants filed their Opposition to Plaintiffs' Preliminary Injunction Motion, and Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Doc. 40.) As part of their Motion, Defendants alleged that the States will "suffer no direct financial harm"; that it is too speculative for the States to claim "they will lose tax revenue," "have to pay increased unemployment benefits," or that "their economies will be harmed"; and that the contractor minimum wage will not cause the States to suffer any sovereign injury. *Id.* at 8-10 and 36-39.

There are several strong reasons to believe that discovery would reveal facts pertinent to jurisdiction and pretext and would yield specific relevant information.

*First*, federal government officials are in the best position to know the economic and financial effects of the contractor minimum wage. Defendants are the sole custodians of information about the contractor minimum wage's implementation and its effect. For example, within the Department of Labor is the Bureau of Labor Statistics, which, by its own account, "is the Nation's premier statistical agency in the broad field of labor economics and statistics" and maintains "the strongest commitment to accuracy, quality, and integrity"; "produces some of the Nation's most sensitive and important information"; and "provides key figures on unemployment; inflation; earnings levels; projections of occupational and industry growth; productivity trends; job accidents and illnesses; consumer household expenditures; and much more."[1] The Department of Labor thus has

---

[1] Bureau of Labor Statistics, "What BLS Does," https://www.bls.gov/jobs/aboutbls.htm (accessed on May 25, 2022).

specific facts about the specific effects of changes in the minimum wage, including its effects on employment and business's profits and revenue.

*Second*, similar jurisdictional discovery recently ordered by this Court was sufficient to show standing. The discovery requested here is *precisely* the same as that which this Court ordered with respect to Arizona's challenge to the federal government's February 18, 2021 Interim Guidance regarding immigration policy, which permitted Arizona to serve five requests for production, five interrogatories and take up to three depositions. *See Arizona v. DHS*, No. 21-CV-00186, ECF No. 42 (D. Ariz. Apr. 8, 2021), attached hereto as Exhibit B. As here, the Interim Guidance challenged in that case involved the government disputing the court's jurisdiction and State standing. However, in the Interim Guidance case, the discovery the Court granted ultimately showed that Arizona *had* standing to pursue its challenge. *See Arizona v. DHS*, No. 21-CV-00186, 2021 WL 2787930, at *7 (D. Ariz. June 30, 2021). Accordingly, here, the States move for the court to issue an order permitting them to:

- Serve five requests for production;
- Serve five interrogatories;
- Take up to three depositions.

This narrow scope of discovery—*far* less than what the rules authorize in typical civil cases—will shed light on the States' injuries from the contractor minimum wage without imposing a substantial burden on Defendants and ensure that the States' claims are not dismissed prematurely.

This case presents the important question of whether Defendants may, without an explicit grant of authority from Congress, unilaterally impose a minimum wage binding on one-fifth of the nation's economy. The States should be permitted to further develop the evidence on this important question.[2]

---

[2] This Court is not limited to the administrative record in ascertaining the State's standing. *See, e.g., Nw. Envir. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997). Indeed, courts routinely rely on extra-record evidence to support standing in APA

*Third*, as explained in the States' concurrently filed response brief, the Rule rests on pretextual reasoning. In particular, Defendants transparently started with a conclusion that they would adopt a $15/hour minimum wage and then worked backwards from that to reverse engineer supporting economic analysis. That analysis is not only arbitrary and capricious but also pretextual, since the true reason that the Department of Labor adopted the $15/hour minimum wage is because the President ordered it to do so, not because it actually believes that particular wage is efficiency-maximizing. To the extent that this Court is not prepared to issue judgment to the States and/or a preliminary injunction on this issue based upon the current record, it should permit the States to develop the record of pretext further by discovery.

## CONCLUSION

For the foregoing reasons, this Court should reject Defendants' motion for summary judgment under Rule 54(d) to the extent it is not prepared to deny it outright on the merits, and should grant Arizona's request for targeted discovery if it believes the existing record does not establish conclusively the States' standing and pretext arguments.

---

cases. *See, e.g., Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153-54 (2010) (relying on declarations to find that plaintiffs had Article III standing in an APA case); *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 507 (D.C. Cir. 2010) (same).

RESPECTFULLY SUBMITTED this 3th day of June, 2022.

**MARK BRNOVICH**
**ATTORNEY GENERAL**
By s/ James K. Rogers
Joseph A. Kanefield (No. 15838)
Brunn W. Roysden III (No. 28698)
James K. Rogers (No. 27287)
Drew C. Ensign (No. 25463)
Robert J. Makar (No. 33579)
Office of the Arizona Attorney General
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-5025
Joseph.Kanefield@azag.gov
Beau.Roysden@azag.gov
Drew.Ensign@azag.gov
James.Rogers@azag.gov
Robert.Makar@azag.gov

*Attorneys for Plaintiffs the State of Arizona and Mark Brnovich, Arizona Attorney General*

By s/ Brian Kane
Brian Kane*
Chief Deputy Attorney General
Office of the Idaho Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 334-2400
Email: Brian.Kane@ag.idaho.gov

*Attorney for Plaintiff State of Idaho*

By s/ Thomas M. Fisher
Thomas M. Fisher*
Solicitor General
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6255
Email: Tom.Fisher@atg.in.gov

*Attorney for Plaintiff State of Indiana*

By <u>s/ James A. Campbell</u>
James A. Campbell (No. 26737)
Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Phone: (402) 471-2682
Email: Jim.Campbell@nebraska.gov

*Attorney for Plaintiff State of Nebraska*

By <u>s/ Thomas T. Hydrick</u>
Thomas T. Hydrick*
Assistant Deputy Solicitor General
Office of the South Carolina Attorney General
Post Office Box 11549
Columbia, SC 29211
Phone: (803) 734-4127
Email: thomashydrick@scag.gov

*Attorney for Plaintiff State of South Carolina*

\* admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system. Counsel for parties that are registered CM/ECF users will be served by the CM/ECF system pursuant to the notice of electronic filing.

        s/ James K. Rogers
*Attorney for the State of Arizona*